**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Denard Darnell Neal, | No. CV-16-04589-PHX-DLR (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| USA, | |
| Respondent. | |

Before the Court is Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 8), United States Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R") (Doc. 24), Petitioner's Objection to the R&R (Doc. 29), Petitioner's Supplemental Objection to the R&R (Doc. 30), the United States' Response to Respondent's Objections (Doc. 33), the Government's Notice of Supplemental Authority (Doc. 28), and Petitioner's Motion for Extension of Time (Doc. 27).

The Court has reviewed the R&R de novo and considered Petitioner's objections as well as his supplemental objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the Court must make a de novo determination of those portions of the R&R to which specific objections are made).

Relying on *Johnson v. United States*, 559 U.S. 133 (2010), and *Welch v. United States*, 136 S.Ct. 1257 (2016), Petitioner contends that his convictions for bank robbery

should be overturned because they are not "crimes of violence." On this issue, however, *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), is dispositive.

> Because bank robbery "by force and violence, or by intimidation" is a crime of violence, so is armed bank robbery. A conviction for armed bank robbery requires proof of all the elements of unarmed bank robbery. *United States v. Coleman*, 208 F.3d 786, 793 (9th Cir. 2000); *see* 18 U.S.C. § 2113(d). Thus, an armed bank robbery conviction under § 2113(a) and (d) . . . qualifies as a crime of violence under § 924(c) as well.

*Id.* at 786.

*Watson* leaves no room for debate. Petitioner's bank robbery convictions qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A). Therefore, as Magistrate Judge Fine stated in the R&R, "the underlying premise of [Petitioner's] Amended Motion cannot stand." (Doc. 24 at 2.)

Petitioner's objections involve issues not raised in his Amended Motion to Vacate, Set Aside, or Correct Sentence. The Court, in its discretion, will not consider issues raised for the first time in the objections to the R&R.

The Court accepts the R&R within the meaning of Federal Rule of Civil Procedure 72(b) and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that the R&R (Doc. 24) is **ACCEPTED**. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 8) is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Extend Time (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

//

//

- 2 -

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 10th day of January, 2019.


Douglas L. Rayes
United States District Judge